USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/27/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
GEORGE PENA,

                            Petitioner,

              -against-

SUPERINTENDENT M. SHEAHAN,

                            Respondent.
------------------------------------------------------------X

15-CV-2455 (VEC)(SDA)

ORDER

VALERIE CAPRONI, United States District Judge:

      On March 27, 2015, *pro se* Petitioner, George Pena, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, arising from his guilty pleas in New York State Supreme Court to three counts of first degree robbery. Dkt. 1. On August 27, 2015, this Court ordered the Respondent to answer the Petition and referred the action to Magistrate Judge Ellis for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b). Dkts. 10, 11. On January 29, 2016, Respondent filed a motion to dismiss the Petition as untimely, but withdrew the motion after Magistrate Judge Ellis recommended its denial. Dkts. 15–17, 21, 26, 27. On October 17, 2016, Respondent filed his opposition to the Petition. Dkt. 31. On December 4, 2017, this Court's referral was reassigned to Magistrate Judge Aaron, who issued a report and recommendation recommending that the Petition be denied (the "R&R"). Dkt. 40. No objections to the R&R were filed. For the following reasons, the Petition is DENIED.

## DISCUSSION

      In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

1

U.S.C. § 636(b)(1)(C). When, as here, no party objects to the Magistrate Judge's report and recommendation, the court may accept the report and recommendation provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b), Advisory Committee's note. Under a clear error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

Upon its review of the Magistrate Judge's thorough and well-reasoned R&R, the Court finds that there is no facial error in the Magistrate Judge's conclusions. First, the Court agrees with Magistrate Judge Aaron's recommendation that the Petition's Fourth Amendment suppression claims be denied because such claims are not cognizable, as these claims were fully and fairly litigated in New York state courts, and Petitioner has not shown any unconscionable breakdown in the state's process for such review. R&R at 20–22 (citations omitted). The Court next finds that the R&R appropriately recommends dismissal of Petitioner's claims regarding the voluntariness of his guilty plea because, *inter alia*, he was not entitled to a hearing on his motion to withdraw his guilty plea, he offered a lengthy colloquy under oath regarding his guilt, he has failed to overcome the presumption of correctness afforded the state court's determination as to whether the plea was knowing and voluntary, and he has not identified any unreasonable application of clearly-established federal law by the state court. R&R at 22–25 (citations omitted). Additionally, even if construed as an ineffective assistance of counsel claim, Petitioner's claim as to his guilty plea is properly denied because the state court appropriately found that he had received effective assistance from counsel who negotiated a favorable plea

bargain that resulted in a sentence well below the statutory maximum, and because counsel's recommendation that he accept the plea, even in light of potential issues with the prosecution, was reasonable given Petitioner's criminal exposure. R&R at 25–28 (citations omitted).

The Magistrate Judge also did not err in recommending that this Court find Petitioner's sentencing claim to be not cognizable because his sentences are within the range prescribed by state law—his eight-year sentences were below the statutory maximum of twenty-five years— and Petitioner has presented no evidence that his sentences were otherwise arbitrary or improper. R&R at 28–29 (citations omitted). The R&R correctly determined that Petitioner's ineffective assistance of counsel claim is barred by his guilty plea (inasmuch as it relates to events that preceded the plea), and that the state court was not unreasonable in finding (i) that Petitioner failed to meet the relevant legal standards for ineffective assistance and (ii) that Petitioner had received vigorous representation throughout his case. R&R at 29–31 (citations omitted). And lastly, the Magistrate Judge correctly determined that Petitioner's prosecutorial misconduct claims should be denied because, *inter alia*, one claim is barred as a Fourth Amendment claim, Petitioner's guilty plea renders prosecutorial misconduct claims irrelevant to the validity of his conviction, the state court was not unreasonable in rejecting the prosecutorial misconduct claims as baseless, and his claim regarding an alleged failure to turn over exculpatory material is precluded because it was not raised during his direct appeal. R&R at 31–34 (citations omitted).

**CONCLUSION**

For the reasons set forth above, it is hereby ORDERED that Magistrate Judge Aaron's Report and Recommendation is ADOPTED in its entirety, and that Petitioner's petition for the writ of habeas corpus is DENIED. Because Petitioner filed no written objections to the R&R

and because the R&R expressly warned that the failure to file timely objections may result in the waiver of any such objections, appellate review of this decision is precluded. *See* Fed. R. Civ. P. 72; *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citation omitted). Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Matthews v. United States,* 682 F.3d 180, 185 (2d Cir. 2012). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court is respectfully requested to mail a copy of this Order to Petitioner and to note service on the docket. The Clerk of the Court is further requested to close the case.

**SO ORDERED.**

**Date: July 27, 2018**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**